1  SCHROTH & SCHROTH
   ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
2  2044 First Avenue, Suite 200
   San Diego, California 92101
3  Telephone: (619) 233-7521
   Facsimile:  (619) 233-4516
4
   Attorney for Material Witnesses, Alicia Rivas-Ramirez and Jose Santos Andrade-Alarcon.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

(Hon. Peter C. Lewis)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No.: |
| | ) Magistrate Case No.:   07MJ8938 |
| Plaintiff, | ) |
| | ) **DECLARATION OF ROBERT E.** |
| vs. | ) **SCHROTH IN SUPPORT OF MATERIAL** |
| | ) **WITNESSES MOTION FOR A** |
| | ) **VIDEOTAPE DEPOSITION** |
| MARCOS RODRIGUEZ-PERALES, | ) |
| | ) Date: January 2, 2007 |
| Defendant. | ) Time: 1:30 pm |
| | ) Judge:  Hon. Peter C. Lewis |

I the undersigned, declare as follows:

   1.   My name is Robert E. Schroth Jr., and I am the attorney of record for Alicia Rivas-Ramirez and Jose Santos Andrade-Alarcon, the material witnesses in the above-captioned matter. I am an attorney duly licensed to practice law in the State of California and am admitted to practice before the United States District Court for the Southern District of California.

   2.   On November 20, 2007, I was appointed to represent the material witnesses in the above-captioned matter. As a Material Witness attorney, one of my primary responsibilities is to help arrange the release of the material witness from the custody of the U.S. Marshal and BP as soon as practicable. To that end, I immediately conducted interviews with the Material Witnesses, through a certified Spanish language interpreter to explain why they were being held

and under what conditions they could be released.  I informed the Material Witnesses that the most expedient way to be released is by having a personal surety post a court approved appearance bond.  I explained that a personal surety would have to agree to sign a $5,000.00 appearance bond, post $500.00 cash with the court, and agree to allow the Material Witnesses to stay with the surety or a family member pending final disposition of the case.  Unfortunately, the witnesses do not know anyone who lives in the United States, who is willing and able to post the bonds for them.  After multiple phone calls to their friends and family members in El Salvador and the United States no one has expressed a willingness or ability to post the bonds.

3.    Most importantly, it is the policy of the U.S. Border Patrol, El Centro sector <u>not</u> to release any non-Mexican Material Witnesses on immigration bonds.  Therefore even if the Material Witnesses were able to post a court bond, they would remain in immigration custody during the pendency of this case.

4.    I am not aware or have not been informed of any reason in this case why the Material Witnesses' testimony can not be adequately secured by deposition by either the government or the defendant's attorney.  To the contrary, compelling reasons exists for the release of the material witnesses as continued detention will cause a hardship on the material witnesses and their families. Ms. Rivas and Mr. Andrade were doming to the U.S. to earn money to send home to their families in El Salvador.

5.    The Material Witnesses are more than willing to discuss everything they know about this case with both the defense and government investigators.  The fact is, however, there are only a few facts relevant to this case which the material witnesses are competent to testify: i.e. (a) his citizenship, (b) who might have transported the witness, and (c) whether the witness

- 2 -

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEPOSITION

U. S.  v.  Macias- Colmenares.

1  agreed to pay anyone.  According to preliminary interviews, all of the facts relevant to this case
2  in the material witnesses' knowledge took place over a very short period of time.
3        6.    I explained the general procedure for videotape depositions to the witnesses and
4
5  explained that, if they were released after the depositions, they may have to return to testify at
6  trial if subpoenaed by the government or defendant.  The witnesses indicated they are willing to
7  return if arrangements for their legal re-entry could be made and travel expenses provided.
8        I declare under penalty of perjury that the foregoing is true and correct and that this
9  declaration was executed in San Diego, California on 12/12/07.
10
11                                  **SCHROTH & SCHROTH**
12
13
14                            By:  s/ Robert E. Schroth
                                ROBERT E. SCHROTH, JR,
15                                  Attorney for Material Witness
16
17
18
19
20
21
22
23
24
25
26
27
28

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEPOSITION

U. S. v. Macias- Colmenares.

- 4 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 3:08-cr-00121-BTM     Document 11-3     Filed 12/17/2007     Page 4 of 4

- 4 -