William W. Brown    Bar. No. 159288
BROWN &ASSOCIATES
Emerald Plaza Fourth Floor
402 West Broadway, Suite 400
San Diego, California 92101-3554
(619) 595-3118; (619) 234-3655 facsimile
bawwb@brownassociateslaw.com

Attorneys for: **Marcos Rodriguez-Perales**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(HON. BARRY T. MOSKOWITZ )

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. **MARCOS RODRIGUEZ-PERALES** <br><br> Defendant. | Case No.   **08CR0121BTM** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS** [FRCP 16, 12, 47] <br><br> Hearing Date: **February 4, 2008** <br> Hearing Time: **9:00 AM** <br> Courtroom:   **15 (5TH Flr-BTM)** |

Defendant, **MARCOS RODRIGUEZ-PERALES**, submits this Memorandum of Points and Authorities in support of the motion to compel discovery and for leave to file further motions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS
*U.S.A. vs. Rodriguez-Perales* 08CR0121-BTM

Page 1

MotCompDisc.dot

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... 4

TABLE OF AUTHORITIES ....................................................................................................... 5

INTRODUCTION AND BACKGROUND ................................................................................. 7

MOTION TO COMPEL DISCOVERY ...................................................................................... 7

    Discovery Request No. 1 (The Defendant's Statements) ..................................................... 7

    Discovery Request No. 2 (The Defendant's Prior Record) .................................................. 8

    Discovery Request No. 3 (Arrest Reports, Notes, and Dispatch Tapes) .............................. 8

    Discovery Request No. 4 (Evidence Seized) ........................................................................ 8

    Discovery Request No. 5 (Tangible Objects) ...................................................................... 8

    Discovery Request No. 6 (Reports of Examinations and Tests) .......................................... 8

    Discovery Request No. 7 (Request for Preservation of Evidence) ...................................... 9

    Discovery Request No. 8 (Exculpatory or Favorable (*Brady*) Material) ........................... 9

    Discovery Request No. 9 (Any Information That May Favorably Affect Guideline Calculations) ......................................................................................................................... 9

    Discovery Request No. 10 (Proposed Uncharged Misconduct, Prior Similar Act or Rule 404(b) Evidence) .................................................................................................................. 10

    Discovery Request No. 11 (Impeachment Evidence Admissible Under Federal Rules of Evidence 608, 609, and 613) ................................................................................................. 10

    Discovery Request No. 12 (Evidence of Prospective Government Witness Bias or Motive to Lie) .................................................................................................................................... 10

    Discovery Request No. 13 (Evidence of Criminal Investigation of Any Government Witness) ................................................................................................................................. 10

    Discovery Request No. 14 (Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling) ........................................................................................... 10

    Discovery Request No. 15 (Witness Addresses) ................................................................. 11

    Discovery Request No. 16 (Name of Witnesses Favorable to the Defendant) .................... 11

    Discovery Request No. 17 (Statements Relevant to the Defense) ...................................... 11

    Discovery Request No. 18 (Jencks Act Material) ................................................................ 11

    Discovery Request No. 19 (Informant *or Giglio* Information) .......................................... 12

    Discovery Request No. 20 (The Record of Any Deportation Hearing) .............................. 12

MOTION FOR LEAVE TO FILE FURTHER MOTIONS ......................................................... 12

CONCLUSION ............................................................................................................................. 12

CERTIFICATE OF SERVICE ..................................................................................................... 13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS
*U.S.A. vs. Rodriguez-Perales* 08CR0121-BTM

Page 2

MotCompDisc.dot

# TABLE OF AUTHORITIES

**Cases**

*Brady v. Maryland*, 373 U.S. 83 (1963) .................................................................................. 6, 7, 8

*Campbell v. United States*, 373 U.S. 487 (1963) ............................................................................ 10

*Chavis v. North Carolina*, 637 F.2d 213 (4th Cir. 1980 ............................................................. 9, 10

*Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980) ......................................................... 9

*Giglio v. United States*, 405 U.S. 150 (1972) ................................................................................ 10

*Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968) ................................................................... 10

*Loux v. United States*, 389 F.2d 911 (9th Cir.), *cert. denied*, 393 U.S. 867 (1968) ....................... 6

*Pennsylvania v. Ritchie*, 480 U.S. 39 (1987) ................................................................................... 9

*Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) .................................................................... 8

*United States v. Agurs*, 427 U.S. 97 (1976) ..................................................................................... 8

*United States v. Bagley*, 473 U.S. 667 (1985) ................................................................................. 8

*United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982) ............................................................ 10

*United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) ............................................................... 10

*United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989) ................................................................... 5

*United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984) ................................................................... 9

*United States v. Chitty*, 760 F.2d 425 (2d Cir. 1985), *cert. denied*, 474 U.S. 945 (1985) .............. 9

*United States v. Cook*, 608 F.2d 1175 (9th Cir. (1979), *cert. denied*, 444 U.S. 1034 (1980) ......... 9

*United States v. Johnson*, 525 F.2d 999 (2d Cir. 1975), *cert. denied*, 424 U.S. 920 (1976) .......... 6

*United States v. Lewis*, 511 F.2d 798 (D.C. Cir. 1975) ................................................................... 6

*United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982) .................................................................. 5

*United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987) .................................................................. 9

*United States v. Pilnick*, 267 F. Supp. 791 (S.D.N.Y. 1967) .......................................................... 6

*United States v. Santiago*, 46 F.3d 885 (9th Cir. 1995) .................................................................. 5

*United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983) ................................................................... 9

**Statutes**

18 U.S.C. § 3500 ............................................................................................................................. 10

18 U.S.C. § 3500(e)(1) .................................................................................................................... 10

**Rules**

Federal Rule of Criminal Procedure 12(i) ........................................................................................ 6

Federal Rule of Criminal Procedure 16(a)(1)(A) .......................................................................... 5, 6

Federal Rule of Criminal Procedure 16(a)(1)(B) .............................................................................. 6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS
*U.S.A. vs. Rodriguez-Perales* 08CR0121-BTM

Page 3

MotCompDisc.dot

Federal Rule of Criminal Procedure 16(a)(1)(C) ................................................................... 6

Federal Rule of Criminal Procedure 16(a)(1)(D) ................................................................... 7

Federal Rule of Criminal Procedure 26.2 ............................................................................... 6

Federal Rule of Evidence 404(b) ............................................................................................ 8

Federal Rule of Evidence 608 ................................................................................................. 8

Federal Rule of Evidence 609 ................................................................................................. 8

Federal Rule of Evidence 613 ................................................................................................. 8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS
*U.S.A. vs. Rodriguez-Perales* 08CR0121-BTM

Page 4

MotCompDisc.dot

**Introduction and Background**

Marcos Rodriguez-Perales is charged with Deported Alien Found in the United States (8 U.S.C. 1326).   Marcos Rodriguez-Perales incorporates by reference the statement of facts supporting the complaint filed in this case for the purpose of these motions, but in no way adopts that statement of facts as true, and thus should not be construed as an admission or other statement against interest.

**Motion to Compel Discovery**

Marcos Rodriguez-Perales moves for an order compelling discovery identified below. The order should encompass not only those items the assigned Assistant United States Attorney (AUSA) and his/her agents know of, but also discovery that is in the custody, control, or knowledge of any related investigative or other Government agency.[1]

**Discovery Request No. 1 (The Defendant's Statements)**

Under Federal Rule of Criminal Procedure 16(a)(1)(A), the defendant is entitled to disclosure of *all* copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant that the Government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial, any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; and any response to any *Miranda* warnings which may have been given to the defendant; and any other statements by the defendant that are discoverable under Rule 16(a)(1)(A).[2]

The Advisory Committee Notes as well as the 1991 Amendments to Federal Rule of Criminal procedure 16 make it clear that the Government must reveal *all* the defendant's statements, whether oral or written, and regardless of whether the Government intends to introduce those statements.

---

[1] *See United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989); *see also United States v. Santiago*, 46 F.3d 885 (9th Cir. 1995).

[2] *see United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS
*U.S.A. vs. Rodriguez-Perales* 08CR0121-BTM

Page 5

MotCompDisc.dot

**Discovery Request No. 2 (The Defendant's Prior Record)**

Any evidence of the defendant's prior criminal record is available under Federal Rule of Criminal Procedure 16(a)(1)(B).

**Discovery Request No. 3 (Arrest Reports, Notes, and Dispatch Tapes)**

The defendant also specifically requests that all arrest reports, notes, and dispatch or any other tapes, that relate to the circumstances surrounding his arrest, or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents in which statements of the defendant or any other discoverable material is contained. These items are discoverable under Federal Rule of Criminal Procedure 16(a)(1)(A), Federal Rule of Criminal Procedure 16(a)(1)(C), and *Brady v. Maryland*, 373 U.S. 83 (1963).[3] Arrest reports, investigator's notes, memoranda from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Federal Rules of Criminal Procedure 16(a)(1)(A) and (C), 12(i), and 26.2.

**Discovery Request No. 4 (Evidence Seized)**

Evidence seized as a result of any search, with or without a warrant, is discoverable under Federal Rule of Criminal Procedure 16(a)(1)(C).

**Discovery Request No. 5 (Tangible Objects)**

The defendant requests, under Federal Rule of Criminal Procedure 16(a)(1)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs, or building or places, or copies of portions thereof which are material to the defense or intended for use in the Government's case-in-chief or which were obtained from or belong to the defendant.

**Discovery Request No. 6 (Reports of Examinations and Tests)**

The defendant requests the government permit the inspection or to provide photocopies

---

[3] *See Loux v. United States*, 389 F.2d 911 (9th Cir.), *cert. denied*, 393 U.S. 867 (1968); *United States v. Johnson*, 525 F.2d 999 (2d Cir. 1975), *cert. denied*, 424 U.S. 920 (1976); *United States v. Lewis*, 511 F.2d 798 (D.C. Cir. 1975); *United States v. Pilnick*, 267 F. Supp. 791 (S.D.N.Y. 1967).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS
*U.S.A. vs. Rodriguez-Perales* 08CR0121-BTM

Page 6

MotCompDisc.dot

of any results or reports of any physical or mental examinations, or scientific tests or experiments that are material to the preparation of the defense or are intended for use by the government as evidence at trial. These items are discoverable under Federal Rule of Criminal Procedure 16(a)(1)(D).

**Discovery Request No. 7 (Request for Preservation of Evidence)**

The defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples used to run any scientific tests, any narcotics, and any evidence seized from any third party. The defendant requests an order directing Government counsel to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and, if it does exist, then to inform those parties to preserve any such evidence.

**Discovery Request No. 8 (Exculpatory or Favorable (*Brady*) Material)**

The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affect the credibility of the Government's case.[4] Impeachment as well as exculpatory evidence falls within *Brady*'s definition of evidence favorable to the accused.[5]

**Discovery Request No. 9 (Any Information That May Favorably Affect Guideline Calculations)**

As discussed *supra*, this information is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

---

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

[5] *See United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS
*U.S.A. vs. Rodriguez-Perales* 08CR0121-BTM
Page 7

MotCompDisc.dot

**Discovery Request No. 10 (Proposed Uncharged Misconduct, Prior Similar Act or Rule 404(b) Evidence)**

Evidence of prior similar acts is discoverable under Federal Rule of Criminal Procedure 16(a)(1)(C) and Federal Rules of Evidence 404(b) and 609. In addition, under Rule 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature " of any evidence the Government proposes to introduce under Federal Rule of Evidence 404(b) at trial. The defendant requests 30-days notice before trial in order to give the defense time to adequately investigate and prepare for trial.

**Discovery Request No. 11 (Impeachment Evidence Admissible Under Federal Rules of Evidence 608, 609, and 613)**

The defendant requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. *See* Fed. R. Evid 608, 609, and 613. Such evidence is discoverable under *Brady*.[6]

**Discovery Request No. 12 (Evidence of Prospective Government Witness Bias or Motive to Lie)**

The defendant requests any evidence that any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.[7]

**Discovery Request No. 13 (Evidence of Criminal Investigation of Any Government Witness)**

The defendant requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct.[8]

**Discovery Request No. 14 (Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling)**

The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember,

---

[6] *See Strifler*, *supra* (witness's prior record); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness's credibility).

[7] *See Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), *cert. denied*, 489 U.S. 1032 (1989).

[8] *See United States v. Chitty*, 760 F.2d 425 (2d Cir. 1985), *cert. denied*, 474 U.S. 945 (1985).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS
*U.S.A. vs. Rodriguez-Perales* 08CR0121-BTM

Page 8

MotCompDisc.dot

communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.[9]

**Discovery Request No. 15 (Witness Addresses)**

The defendant requests the name and last known address of each prospective Government witness.[10] The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) even if *not* called as a Government witness.[11]

**Discovery Request No. 16 (Name of Witnesses Favorable to the Defendant)**

The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant, who could not identify him, or who was unsure of his identity or participation in the crime charged.[12]

**Discovery Request No. 17 (Statements Relevant to the Defense)**

The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention that the defendant might assert."[13]

**Discovery Request No. 18 (Jencks Act Material)**

The defense requests all material to which Defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, including dispatch tapes, reasonably in advance of trial. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness's interview is sufficient for the report or notes to qualify as a statement under 18 U.S.C. § 3500(e)(1).[14]

---

[9] *See Strifler, supra; Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980).

[10] *See United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983) (failure to interview Government witnesses by counsel is ineffective); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979), *cert. denied*, 444 U.S. 1034 (1980) (defense has the right to speak with witnesses).

[11] *See United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984).

[12] *See Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978), *cert. denied*, 439 U.S. 883 (1978); *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968).

[13] *United States v. Bailleaux*, 685 F.2d 1105, 1114 (9th Cir. 1982).

[14] *See Campbell v. United States*, 373 U.S. 487, 490-92 (1963); *see also United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) (holding that if an agent goes over interview notes with the subject of the interview, then notes are subject to the Jencks Act).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS
*U.S.A. vs. Rodriguez-Perales* 08CR0121-BTM

Page 9

MotCompDisc.dot

### Discovery Request No. 19 (Informant *or Giglio* Information)

Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of Government witnesses.

### Discovery Request No. 20 (The Record of Any Deportation Hearing)

The defendant requests all tapes and/or transcripts from any and all administrative hearings relating to any and all alleged orders of deportation of or concerning the defendant.

### Motion for Leave To File Further Motions

The defendant anticipates the Government will produce additional discovery and that investigation of this case will require the filing of further motions. Therefore, the defendant requests the Court grant leave to file additional motions as necessary.

### Conclusion

For the foregoing reasons, Marcos Rodriguez-Perales requests an order compelling further discovery and for leave to file further motions.

Date: January 31, 2008.                             __s/ William W. Brown_____
                                                    William W. Brown, BROWN & ASSOCIATES
                                                    Attorneys for **Marcos Rodriguez-Perales**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS
*U.S.A. vs. Rodriguez-Perales* 08CR0121-BTM

Page 10

MotCompDisc.dot

**CERTIFICATE OF SERVICE**
*U.S.A. vs. Rodriguez-Perales* 08CR0121-BTM

I, the undersigned, hereby certify that a copy of **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS** was:

☒ **Deposited with Court Clerk**: I, the undersigned, hereby certify that a copy of **the above-referenced document(s)** was deposited with the Clerk of the United States District Court for the Southern District of California for delivery to Assistant United States Attorney, **Carla J. Bressler**.

☐ **Personal Service of Courtesy Copy to AUSA**: I, the undersigned, hereby certify that I personally delivered a true copy of the above-referenced document(s) to the receptionist of the Office of the United States Attorney for the Southern District of California for immediate delivery to Assistant United States Attorney, .

☐ **Personal Service of Courtesy Copy to Chambers**: I, the undersigned, hereby certify that I personally delivered a true copy of the above-referenced document(s) to the Chambers of the Honorable .

☐ **Facsimile Service of Courtesy Copy to AUSA**: I, the undersigned, caused a facsimile transmission a true copy of the above-referenced document(s) from 619-234-3655 to  at the Office of the United States Attorney for the Southern District of California, facsimile machine telephone number .

☐ **Facsimile Service of Courtesy Copy to Chambers**: I, the undersigned, caused a facsimile transmission a true copy of the above-referenced document(s) from 619-234-3655 to the Chambers of the Honorable **,** facsimile machine telephone number .

☐ **Service by Mail [CivLR5.3]**: I, the undersigned, hereby certify that a true copy of the above-referenced document(s) was served upon all counsel of record by postage prepaid, first-class, United States Postal Service mail to there last known address at: SEE ATTACHED SERVICE LIST.

Executed on January 31, 2008, at San Diego, California.

                                                         s/ William W. Brown

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS
*U.S.A. vs. Rodriguez-Perales* 08CR0121-BTM
Page 11

MotCompDisc.dot